IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

John R. Moton (#2013-0321241),                )
                                                )
           Plaintiff,                           )    Case No. 15 C 1847
                                                )
    v.                                          )    Honorable Charles R. Norgle
                                                )
Jmonczinski,                                    )
Supervisor/Sergeant, #383940, et al.,           )
                                                )
           Defendants.                          )

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff John R. Moton, a detainee at the Cook County Jail, brought a civil rights action against Sgt. Jmonczinski and Lt. Johnson, pursuant to 42 U.S.C. § 1983. Plaintiff challenges the medical attention he received after a fight with another detainee on or about August 4, 2014. Defendant moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) [41]. Plaintiff filed a response [46].

For the reasons that follow, Defendants' motion to dismiss [41] is granted in part and denied in part.

## FACTS

The facts, as pleaded in the amended complaint, are set forth below.

On or about August 4, 2014, Plaintiff had an altercation with another detainee (Mr. Centano) in his dorm in Division III annex. [35 at 4] The altercation lasted "about 3 ½ minutes overall." [*Id.* at 5] As a result of the altercation, Plaintiff had blood on his t-shirt and pants, as well as his "fore arm, right that is," his "left risk [sic]" and the upper part of his neck and chest.

1

[*Id.* at 6] Shortly after the fight, but before he was able to change his clothes, Plaintiff "got wind" that the detainee he fought that day was HIV positive. [*Id.*]

When Jmonczinski interviewed Plaintiff about the altercation, Jmonczinski did not ask Plaintiff if he had any injuries or wanted medical attention. [*Id.*] While Plaintiff was being interviewed, inmate Centano walked by. Plaintiff observed that inmate Centano was bleeding from his right eye. [*Id.* at 6] Plaintiff repeatedly requested to receive medical attention and change his clothes after the fight, but Jmonczinski denied Plaintiff's request, even though he knew inmate Centano was HIV positive. [*Id.* at 7] In doing so, Jmonczinski "didn't follow proper procedures." [*Id.*] Lt. Johnson also did not "take the requirement and necessary step to see that [Plaintiff] was treated by medical staff." [*Id.* at 8] According to the amended complaint, the Defendant officers were "unprofessional" in their "handling of the situation." [*Id.* at 10]

As a result of not getting medical attention from the Defendant officers, or any other employee at the jail, Plaintiff had "very uncomfortable feeling throughout the night" of August 4, 2014, and was not able to sleep well "because of the unwanted thoughts . . . running through [his] head constantly." [*Id.* at 9] Anxiety also "kick in alone [sic] with stressing." [*Id.*] Plaintiff alleges that, following the incident, Plaintiff submitted a medical request for testing. [*Id.*] About two and half months later, he received testing. [*Id.*].

**LEGAL STANDARD**

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor.

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Id.* (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required, but the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility in this context does not imply that a court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, to survive a motion to dismiss under Rule 12(b)(6), "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen." *Id.*

**ANALYSIS**

**I.      Plaintiff's Allegations are Sufficient to State a Claim for Deliberate Indifference to Plaintiff's Serious Medical Needs against Defendant Jmonczinski**

Plaintiff alleges that Defendants failed to provide him with adequate medical care after the August 4, 2014 altercation with inmate Centano. Specifically, Plaintiff claims that the he was not allowed to immediately change his clothes, shower or be tested for HIV. [35 at 6-10]

Jail officials violate an inmate's constitutional rights "when they display 'deliberate indifference to serious medical needs'" of the inmate. *See Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849-50, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (explaining that deliberate indifference claims brought by pretrial detainees against jail

3

personnel arise under the Fourteenth Amendment rather than the Eighth Amendment but are analyzed under the same standard). To state a claim, a prisoner must show that: (1) his medical need was objectively serious, and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "[A]llegations that a prison official knowingly exposed an inmate to an infectious disease that might cause him future harm states a claim of deliberate indifference to a serious medical need." *Rushing v. Gerst*, No. CIV. 10-507-JPG, 2011 U.S. Dist. LEXIS 17501, 2011 WL 721519, at *2 (S.D. Ill. Feb. 23, 2011) (citing *Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)).

Accepting as true Plaintiff's allegations and construing those allegations and the reasonable inferences that can be drawn from them in the light most favorable to Plaintiff, Plaintiff's amended complaint sufficiently states a cognizable claim for deliberate indifference to Plaintiff's serious medical needs against Defendant Jmonczinski. In his amended complaint, Plaintiff claims that he was involved in a physical altercation with an allegedly HIV-positive inmate (Centano) and that he was exposed to Centano's blood during that altercation. According to the allegations in the amended complaint, Defendant Jmoncznski knew inmate Centano was HIV positive yet failed to procure medical attention for Plaintiff. While further factual development of the record may doom this claim, Plaintiff's allegations are sufficient to state a claim for deliberate indifference to his serious medical needs against Defendant Jmonczinski.[1]

Defendants' motion as to this issue is therefore denied. Plaintiff may proceed against Defendant Jmonczinski upon a claim of deliberate indifference to his serious medical needs.

---

[1] The Court addresses whether Plaintiff's allegations in the amended complaint are sufficient to state a claim against Defendant Lt. Johnson at Section "III" below.

4

## II. A Violation of CCJ's Procedures is Not a Constitutional Violation

In the amended complaint, Plaintiff also alleges that Defendant Jmonczinski did not follow CCJ's procedures and that Defendants Jmonczinski and Lt. Johnson handled the August 4, 2014 incident in an "unprofessional" manner. Plaintiff claims that Defendants failed to follow "certain protocol, when dealing with a (sic) after math of inmate fighting." [35 at 10][2]

As Defendants correctly point out in their motion, a failure to follow internal procedure or a state regulation does not constitute a constitutional violation. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (violation of department procedure or state law is immaterial to whether actions violated federal constitutional right); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes or regulations); *Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (a violation of state law does not give rise to a Section 1983 claim unless it independently violates the Constitution or federal law). Thus, Plaintiff's allegation that Defendants acted in an unprofessional manner after the August 4, 2014 incident and failed to follow CCJ's procedures does not state a distinct constitutional claim and must be dismissed.

Defendants' motion is therefore granted with respect to this issue.

## III. Plaintiff has Failed to Plead Individual Liability for Defendant Lt. Johnson

Individual liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805,

---

[2] Plaintiff does not specify in the amended complaint what particular procedures or protocol he is referring to. However, his response to Defendants' motion makes reference to various sections of the CCJ Inmate Handbook.

5

810 (7th Cir. 2005) (citations omitted). Defendant Lt. Johnson argues that Plaintiff has failed to allege facts sufficient to confer individual liability upon her. [41 at 11-12] The Court agrees.

The amended complaint links specific allegations to Defendant Jmonczinski -- namely, that he denied Plaintiff's repeated requests to receive medical attention and change his clothes after the fight, despite knowing that inmate Centano was HIV positive -- with respect to the medical care Plaintiff received (or did not receive) after the August 4, 2014 altercation. The amended complaint, however, makes no such allegations with respect to Lt. Johnson. Instead, it makes a series of generalized assertions that she acted in an unprofessional manner and failed to follow internal procedures; it also asserts in vague terms that Lt. Johnson was aware of the August 4, 2014 altercation and that she is "responsible" and "accountable" [35 at 9] in this action. But Plaintiff does not describe any particular action taken by Lt. Johnson with respect to Plaintiff's medical care after the August 4, 2014 incident, nor does he identify any particular way in which Lt. Johnson personally denied Plaintiff medical care. As such, Plaintiff's allegations are insufficient to support a conclusion that Lt. Johnson caused or participated in the alleged deprivation of Plaintiff's rights.

Defendants' motion as to this issue is therefore granted.

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss [41] is granted in part and denied in part.

Dated: 12-9-16

Charles R. Norgle
United States District Judge

6